The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>Defendant. | NO.   CR14-197RAJ<br><br>ORDER DENYING MOTION TO<br>CONTINUE SENTENCING |

The defendant pled guilty to conspiracy to distribute controlled substances on December 29, 2015.  Sentencing was originally set for March 25, 2016.  The defense requested a continuance for the purpose of obtaining files from the state of Kentucky related to defendant's prior convictions.  This request was granted and sentencing was rescheduled to May 6, 2016.  The defendant then sought a continuance in order to obtain a mental health evaluation.  This request was also granted.  The defendant now seeks a third continuance for the purpose of obtaining a VHS tape of a prior sentencing proceeding claiming a confusion in the proceedings that might affect the defendant's criminal history.

      The defense has provided this court with two orders from Judge Steve Mershon of the Jefferson Circuit Court, Division 9 which purportedly serve as the basis for the claimed confusion.  The thrust of the defense argument is that Judge Mershon's original order dated August 24, 2000 (Exhibit A to Defendant's Motion) was confusing as to the meaning and intent of the four judgments all entered on August 22, 2000.  Judge Mershon acknowledged the issue of confusion in his October 19, 2000 order (Exhibit B to Defendant's Motion).  Judge Mershon's later order is evidence of his final determination and was apparently intended to alleviate any issue of confusion from his prior ruling.

      The sole basis for the defense seeking this third continuance is to obtain a transcript of the August 17, 2000 hearing that resulted in the issuance of the final order of Judge Mershon on October 19, 2000.  Whatever confusion that may have been addressed in the August 17, 2000 hearing was resolved when Judge Mershon issued his final determination by way of a written order.  The court treats that final order as the last word by Judge Mershon on the issue of how to treat the defendant's four judgments and sentence.  Nothing further can be gained from obtaining a transcript of the proceedings.  To follow the defense approach of allowing comments made by the court in a hearing to trump the final written order of the court would cause havoc and encourage a never-ending battle of obtaining a final ruling from the court.  Judge Mershon issued an order and the court sees no reason or justification to postpone the sentencing when the court has a final order from the prior sentencing judge.

      For these reasons, the defendant's motion to continue the sentencing hearing (Dkt. #365) is DENIED.

      DATED this 26th day of May, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge